UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIM MILLBROOK, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:23-CV-261 |
| v. | : | (JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : | |
| Defendants | : | |

FILED
SCRANTON

AUG 0 8 2024

PER _____
DEPUTY CLERK

## MEMORANDUM

Presently before the court in this prisoner civil rights case is defendant's motion to dismiss or, alternatively, motion for summary judgment. For the reasons set forth below, the motion will be treated as a motion for summary judgment and granted.

**I. BACKGROUND**

Plaintiff, Kim Millbrook, who is currently housed in Davenport Work Release Center in Davenport, Iowa, but was incarcerated in USP-Canaan in Waymart, Pennsylvania at all relevant times, brings the instant case pursuant to the Federal Tort Claims Act ("FTCA"), alleging that officials at USP-Canaan committed the torts of assault, battery, and negligence during his incarceration at that institution. (Doc. 1). The complaint asserts three claims for FTCA relief: (1) that officials committed assault and battery by

applying handcuffs that were too tight on February 28, 2022; (2) that officials committed assault, battery, and negligence by failing to wear masks or properly socially distance during the COVID-19 pandemic; and (3) that several officials assaulted Millbrook on an unspecified date by pepper spraying him, punching him, and kicking him. (*Id.* at 9-10).

On August 11, 2023, defendant[1] filed a motion to dismiss the complaint, or, alternatively, for summary judgment. (Doc. 19). Defendant filed a brief in support of the motion and a statement of material facts as required by Local Rule 56.1 on August 24, 2023, and August 25, 2023, respectively. (Docs. 21-22). Millbrook filed a brief in opposition to the motion, a declaration, and a statement of material facts responding to defendant's statement on September 19, 2023. (Docs. 27-29). Defendant filed a reply brief on October 3, 2023, making the motion ripe for the court's review. (Doc. 31).

## II.   THE MOTION WILL BE TREATED AS A MOTION FOR SUMMARY JUDGMENT

At the outset, the court clarifies that it will treat defendant's instant motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 rather than as a motion to dismiss pursuant to Federal Rule of

---

[1] The United States is the only proper defendant in an FTCA action and is therefore the only defendant in this case. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

Civil Procedure 12. Although district courts must ordinarily provide notice and an opportunity to respond before treating a motion to dismiss as a motion for summary judgment, the filing of a motion alternatively as either a motion to dismiss or a motion for summary judgment ordinarily constitutes sufficient notice that the court may treat the motion as one for summary judgment such that no additional notice or opportunity to respond is necessary. *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996), *abrogation in nonrelevant part recognized in Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 792 n.11 (3d Cir. 2000).

Moreover, the United States Court of Appeals for the Third Circuit has held on numerous occasions that additional notice is not required to treat a motion as a motion for summary judgment where the nonmovant's response to the motion indicates a subjective understanding that the motion may be treated as a motion for summary judgment. *See, e.g., Davis v. Phelan Hallinan & Diamond PC*, 687 F. App'x 140, 143 (3d Cir. 2017) ("Because Davis demonstrated that he knew materials beyond the pleadings were before the Court and he indeed urged the District Court to treat the motion to dismiss as one for summary judgment, it is clear that he had the requisite notice of the conversion."); *McDaniels v. N.J. Div. of Youth & Family Servs.*, 144 F. App'x 213, 216 (3d Cir. 2005) (additional notice not required where

3

nonmovant's response referred to the motion as one for summary judgment and referred to summary judgment in the body of the response); *Carver v. Plyer*, 115 F. App'x 532, 536 (3d Cir. 2004) (noting that nonmovant's response to motion indicated subjective awareness that the motion could be treated as a summary judgment motion where the response referred to the motion as a motion for summary judgment, included the legal standard for summary judgment, and referred to exhibits outside of the pleadings). Millbrook's status as a pro se prisoner does not alter this analysis. *See, e.g., Jones v. Hashagen*, 512 F. App'x 179, 181 (3d Cir. 2013) (holding that additional notice was not required to treat motion as motion for summary judgment because nonmovant, a pro se prisoner plaintiff, repeatedly referred to the motion as a motion for summary judgment and referred to evidence outside the pleadings in his response to the motion).

Millbrook's response to defendant's motion clearly shows that he has subjective understanding that the motion may be treated as a motion for summary judgment and that he has received sufficient notice of that fact. His brief is titled, "Plaintiff's Opposition to Defendant's Motion to Dismiss and for Summary Judgment," (Doc. 27 at 1), the brief repeatedly refers to summary judgment, (*see id.* at 3, 6, 13), and the brief cites the legal standard applicable to motions for summary judgment. (*see id.* at 6). Millbrook has

4

also filed a statement of material facts in response to defendant's statement of material facts, as the Local Rules require for all responses to motions for summary judgment. (Doc. 29); *see also* M.D. L.R. 56.1. Hence, the court will treat the motion as a motion for summary judgment because it is clear from Millbrook's response to defendant's motion that no further notice or opportunity to respond to the motion is necessary before the court may do so. The court accordingly turns its attention to the material facts.

### III.   MATERIAL FACTS[2]

Millbrook was incarcerated in USP-Canaan on a federal writ from February 22, 2022, to April 5, 2022. (Doc. 22 ¶ 3; Doc. 29 ¶ 3). Upon his arrival in the facility, prison staff performed an initial medical screening on him. (Doc. 22 ¶ 8; Doc. 29 ¶ 8). The screening showed that Millbrook had

---

[2] As required by Local Rule 56.1, Defendant has filed a statement of material facts. (Doc. 29). Rule 56.1 also requires that the party opposing a motion for summary judgment file a statement responding to the numbered paragraphs in the movant's statement of material facts, which "shall include references to the parts of the record" that supports the nonmovant's opposition to the motion. L.R. 56.1. Millbrook has filed a response to defendant's statement as required by Local Rule 56.1, but his statement does not cite any record evidence and instead simply states in conclusory fashion that he "disputes" several factual assertions offered by defendant. (*See, e.g.*, Doc. 29 ¶ 14). Because this conclusory and unsupported assertion does not properly controvert defendant's assertions of fact, the court will treat any assertion to which Millbrook has given this response as undisputed for purposes of the instant motion. The court will additionally cross reference this footnote when doing so for ease of reference. The court will otherwise cite the statements of material facts directly as to any undisputed facts.

previously been vaccinated against COVID-19 and that he did not have any symptoms of COVID-19. (*Id.*) Staff members also tested Millbrook for COVID-19 as part of the screening. (Doc. 22 ¶ 9; Doc. 29 ¶ 9). The test was negative for the virus. (*Id.*)

After the initial screening, Millbrook attended a physician evaluation with Dr. Chu, a physician in the prison, on March 8, 2022. (Doc. 22 ¶¶ 17-18; Doc. 29 ¶¶ 17-18). Millbrook did not complain of COVID-19 symptoms or any other abnormalities during the evaluation. (Doc. 22 ¶ 21; Doc. 29 ¶ 21; *supra* note 2).

On March 15, 2022, Millbrook had a follow-up appointment with Dr. Chu regarding his seborrheic dermatitis and unspecified psoriasis. (Doc. 22 ¶ 25; Doc. 29 ¶ 25; *supra* note 2). Dr. Chu conducted a physical examination and noted no abnormalities. (Doc. 22 ¶ 28; Doc. 29 ¶ 28; *supra* note 2).

On March 22, 2022, Millbrook had a follow-up visit with Physician's Assistant Carey for a blood pressure check. (Doc. 22 ¶ 31; Doc. 29 ¶ 31). Millbrook reported that he was "doing well" and did not complain of COVID-19 or any other conditions. (Doc. 22 ¶¶ 32-33; Doc. 29 ¶¶ 32-33; *supra* note 2). Carey noted that Millbrook appeared well, alert, and oriented. (Doc. 22 ¶ 34; Doc. 29 ¶ 34; *supra* note 2).

On April 4, 2022, prison medical staff examined Millbrook in preparation for his transfer out of USP-Canaan. (Doc. 22 ¶ 36; Doc. 29 ¶ 36; *supra* note 2). Millbrook did not complain of any conditions and specifically denied that he was experiencing body aches, loss of taste or smell, or headaches. (Doc. 22 ¶ 37; Doc. 29 ¶ 37; *supra* note 2). Millbrook was tested for COVID-19, and the test was negative. (Doc. 22 ¶ 38; Doc. 29 ¶ 38; *supra* note 2). Millbrook again tested negative for COVID-19 on April 5, 2022. (Doc. 22 ¶ 39; Doc. 29 ¶ 39; *supra* note 2).

## IV.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the

judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge that burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an

element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## V. DISCUSSION

Defendant advances three arguments for summary judgment: (1) that the court lacks subject matter jurisdiction over Millbrook's FTCA claims because Millbrook has not alleged any physical injuries or produced evidence of physical injuries; (2) that the court lacks jurisdiction over Millbrook's COVID-19 claim under the discretionary function exception to the FTCA; and (3) that Millbrook's claims fail on their merits. (*See* Doc. 23).

The court will first analyze defendant's argument that Millbrook has failed to allege or show that he suffered any physical injuries as a result of prison officials' allegedly wrongful conduct. FTCA claims are only cognizable in certain limited circumstances in which the United States has waived its sovereign immunity from suit. 28 U.S.C. §1346(b); *FDIC v. Meyers*, 510 U.S. 471, 477 (1994). For an FTCA claim to be cognizable the claim must be (1) "against the United States," (2) "for money damages," (3) "for injury or loss of property, or personal injury or death," (4) "caused by the negligent or

9

wrongful act or omission of any employee of the Government," (5) while acting within the scope of his office or employment," and (6) "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Meyers*, 510 U.S. at 477 (quoting 28 U.S.C. §1346(b)). Incarcerated individuals may not bring a claim under the FTCA "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 28 U.S.C. §1346(b)(2).

The United States argues that it should be granted summary judgment on Millbrook's FTCA claims for lack of jurisdiction because Millbrook has not shown that he suffered any physical injuries. (Doc. 23 at 18-25). Defendant notes that Millbrook has not produced any evidence that he suffered physical injuries, and that Millbrook's medical records contradict his assertions of physical injuries because they show that he did not have COVID-19 and did not complain of any physical injuries at any point during his incarceration at USP-Canaan. (*Id.* at 23).

The court agrees that summary judgment is appropriate for Millbrook's failure to establish that he suffered any physical injury. The record shows that Millbrook was incarcerated in USP-Canaan from February 22, 2022 to April 5, 2022, and that during that approximately six-week period, he was

10

seen for routine medical care on February 22, 2022, March 8, 2022, March 15, 2022, March 22, 2022, and April 4, 2022. (*See* Doc. 22; 22-2; Doc. 29; *supra* note 2). At no time during any of these visits did Millbrook report any physical injuries caused by a purported handcuffing incident, pepper spraying incident, or assault and battery. (*See id.*) Millbrook also did not report any COVID-19 symptoms during any of these visits, and all tests for the virus during his incarceration in USP-Canaan were negative. (*See id.*)

The only contrary evidence Millbrook has produced to show that he suffered a physical injury is his declaration in support of his motion for summary judgment, wherein he asserts that the assault by prison officials on an unspecified date caused him to experience "swollen head; eyes bruises; [and] bruising all over [his] body." (Doc. 28 at 5). In light of Millbrook's failure to report these injuries to medical officials during his numerous medical appointments, the court concludes that Millbrook's conclusory and unsupported assertion amounts to a mere "scintilla" of evidence that is insufficient to create a genuine issue of material fact. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to deny summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff."). Hence, because there is insufficient evidence in the record for a reasonable finder

of fact to conclude that Millbrook suffered any physical injury in relation to his putative FTCA claims, summary judgment for lack of subject matter jurisdiction is appropriate.[3]

## VI. CONCLUSION

For the foregoing reasons, the court will grant defendant's motion for summary judgment, dismiss the complaint without prejudice for lack of subject matter jurisdiction, and close this case. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 8/8/24

---

[3] Even assuming the court had jurisdiction, the lack of evidence that Millbrook suffered any physical injuries would also be cause to grant summary judgment on the merits of his FTCA claims.